GERTRUDE T. BOHR et al.

*v.*

HUGH ABERCROMBIE et al.

(*Knoxville,* September Term, 1955.)

(May Session, 1956)

Opinion filed June 8, 1956.

CARROLL & SWAFFORD and MOORE & MOORE, Chattanooga, for appellants.

GUS D. HATFIELD, JR., H. L. SMITH, JR., and ATCHLEY & ATCHLEY, Chattanooga, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

According to the allegations of the bill, the Hamilton County Election Commission held an election under the authority of section 6-1801 et seq. T.C.A. for the purpose of determining whether a majority of the voters living within a certain territory desired to incorporate such territory into a municipality with city manager-commission form of government. This election was held pursuant to a petition which residents of the affected territory had presented the Commission. Of the 940 votes

cast, 631 were in favor of the adoption of this municipal charter.

Three weeks after that election twenty taxpayers residing in that territory filed this bill. The relief sought was a decree declaring this election and the charter "if any issued" void and a permanent injunction from further proceeding "in the organization of a corporation".

The members of the Hamilton County Election Commission were made defendants. The remaining defendants named were three of the persons who signed the petition seeking the election. They were sued as "representatives of all other signers as a class, being too numerous to name". The view the Court takes of this matter obviates any necessity of considering the propriety of naming as defendants those who signed the petition.

The bill alleged that the requirements of the code sections, *supra,* which authorized this election were not met in certain respects hereinafter mentioned; hence, its assertion that the election and all that followed was void.

The Chancellor did not think that the allegations of the bill entitled the complainants to the relief sought. It, therefore, sustained defendants' demurrer and dismissed the bill. Complainants have appealed.

According to the bill, the petition requesting the election "contained this statement:—'Said territory comprises the voting districts of White Oak and Red Bank, and follows those boundaries generally.'" The voters were directed to vote at the three voting places in these two precincts. Complaint of the bill is that such arrangement "did not afford to the qualified voters residing outside the Red Bank and White Oak Precincts an opportunity to vote."

Section 6-1805 T.C.A. provides that in an election with references to incorporating unincorporated territory the voting shall be ''at such reasonable places * * * as may be designated by said county commissioners of elections'' Since the commissioners had designated three places for voting within the territory which it was proposed to incorporate, it necessarily follows that every voter living within the affected territory had made available to him or her a place to vote in this election, regardless of where any of them may have been required to vote in other elections.

But, says the bill, the petition seeking this election was not signed by twenty (20%) percent of the ''legal voters'' of such territory voting at the last general election, as required by section 6-1804 T.C.A. The bill does allege that in the affected territory 2,480 votes were cast in the last general election. The bill does not allege how many people did sign the petition. The number thereof should have been furnished the Court so that it might determine whether the number signing said petition amounted to twenty (20%) percent of such voters.

For all the Court knows the petition may have lacked only a few names, if any, of being twenty (20%) percent of such voters. In that case there would have been substantial compliance with this code section. Therefore, the bill would have to be rejected in so far as that ground is concerned under section 6-2008 T.C.A. providing that:

''No informalities in conducting any election held under chapters 18 to 23, inclusive, of this title, shall invalidate it if such election is conducted fairly and in substantial conformity with the requirements of said chapters.''

By section 6-1805 T.C.A. it is provided that "between the time the election is called and the time it is held a special registration shall be fixed, published, and held by the county commissioners of elections". The allegation of the bill is that this "provision of the statute was not complied with."

Thirty years after the enactment of the foregoing requirement with reference to registration of voters, our General Assembly enacted the permanent registration of voters law. It is carried in the Tennessee Code Annotated, commencing at section 2-301. Under that law persons entitled to vote may register on one or more days of each calendar week. It is a requirement of law that the election commission keep its office open for such purpose on a specified day or days of each week.

It follows, of course, that every person who desired to vote in this election had ample opportunity to register prior to the holding of that election. The failure of the commission, therefore, to follow this provision of the 1921 Act if, indeed, it is any longer a requirement of law, could not have had any substantial bearing upon the outcome of this election.

The bill alleges no acts or failures to act other than those above discussed in support of its prayer that the election be adjudged void and further proceedings thereunder enjoined. Since neither of these reasons legally justifies such relief, it follows that the Chancellor did not err in sustaining the demurrer and dismissing the bill.

Since the adjudication stated is conclusive, other grounds averred in support of the Chancellor's holding need not be considered.

Affirmed, with costs.